OPINION
{¶ 1} Defendant-appellant/cross-appellee Donald French appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, entered in favor of plaintiff-appellee/cross-appellant Zollinger, D'Atri, Gruber, Thomas Co., L.P.A. French assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY INTERPRETING THE WRITTEN AGREEMENT TO REQUIRE APPELLANT TO PAY APPELLEE FEES EVEN THOUGH APPELLEE FAILED TO COMPLY WITH ITS OBLIGATIONS AND/OR CONDITION PRECEDENT TO RECOVERING FEES FROM APPELLANT AND/OR THE FINDINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} "II. THE TRIAL COURT IN ERROR AWARDED 18% INTEREST TO APPELLEE CONTRARY TO LAW AND PER AN ABUSE OF DISCRETION."
 {¶ 4} Appellee/cross-appellant assigns a single error to the trial court:
 {¶ 5} "I. THE TRIAL COURT'S DENIAL PRE-JUDUGMENT INTEREST [SIC] ON A JUDGMENT AWARDING DAMAGES OWING UNDER CONTRACTS FOR LEGAL SERVICES IS CONTRARY TO LAW AND IS AN ABUSE OF DISCRETION."
 {¶ 6} The record indicates French and appellee entered into two contracts retaining appellee to represent him in defending two separate lawsuits. In Lake Mohawk Property Owners Association, Inc. v.French, Carroll County Common Pleas No. 06CVH24558, appellee eventually filed a motion to withdraw as counsel because French had failed to pay attorney fees. *Page 3 
 {¶ 7} In Hedrick v. French, Stark County Common Pleas Case No. 2005 CV02552, the contract for services provided, among other things, appellee would pursue an insurance claim for any loss or attorney fees arising out of the case.
 {¶ 8} The trial court conducted a bench trial on May 5, 2008, and found there were two valid written contracts between the parties for professional services. The court found each contract stated appellee charged an hourly rate between $150 and $195 dollars. Each contract provided the client is responsible for out-of-pocket costs and expenses, and any invoices not paid within 30 days will bear interest at the rate of 1 ½% per month.
 {¶ 9} The trial court found appellee performed 77.7 hours of legal services, and billed French $15,242.50, from which $1,633.50 was deducted as a credit, leaving a balance of $13,609.00. The court found French made four payments to appellee, in the amount of $5,220.50. The court determined the unpaid balance for legal services was $8,388.50, plus costs advanced by appellee in the amount of $150.00.
 {¶ 10} The trial court found the reasonable value for appellee's legal services to French is $13,609.00, based upon testimony of an expert witness and the factors set forth in Bittner v. Tri-County Toyota,Inc. (1991), 59 Ohio St. 3d 143. The trial court concluded French owed a balance of $8,538.50. The court granted interest at the contractual rate of 18% per annum, but declined to award pre-judgment interest.
 {¶ 11} We will address French's assignments of error first.
 I. {¶ 12} In his first assignment of error, French argues the trial court erred as a matter of law in finding him liable on the contracts because appellee did not fully *Page 4 
perform its obligations under the Hedrick contract. Specifically, appellee did not pursue any insurance claims as it had specifically agreed to do. French argues he gave notice to appellee insurance was available to pay for its services.
 {¶ 13} The Hedrick contract stated in pertinent part:
 {¶ 14} "Payment
 {¶ 15} "Since there is a relatively significant time lag between performances of my services and the submission of my statement, all statements for services rendered are due and payable upon receipt, unless other arrangements have been made with me in advance. It is our firm policy and a specific agreement with you that we perform no work for any client who is in arrears on any outstanding bill, and we have the right to withdrawal from our representation of the client before any court, administrative agency or other similar body, entity or agency. Invoices not paid within (30) days will bear interest at the rate of 1-1/2% per month.
 {¶ 16} "Retainer
 {¶ 17} "A retainer in the sum of $3,000 is required upon your execution of this agreement. All invoiced amounts will be applied to and paid out of the retainer. Upon receipt of an invoice, you are required to replenish the retainer by the amount of the invoice to bring the retainer amount back to the levels stated in this paragraph* * *"
 {¶ 18} Appellee asserts it informed French that the chances of the Hedrick claim being covered by insurance were very slim and it was unlikely French would be covered under any error or omission from any insurance policy. The record indicates French was denied coverage from several insurance companies. Appellee also argues the *Page 5 
agreement between the parties was clear that appellee expected French to pay invoices on a monthly basis, subject to reimbursement from any insurance company.
 {¶ 19} A reviewing court will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. The Supreme Court has repeatedly held an abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. We may not substitute our judgment for that of the trier of fact. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. By contast, we review issues of law de novo, using the same standard the trial court did.Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120,413 N.E.2d 1187.
 {¶ 20} We find there is competent and credible evidence supporting the trial court's judgment. The trial court did not err as a matter of law in determining the contracts between the parties were enforcible, and appellee did not fail to perform its obligations under the contract.
 {¶ 21} French's first assignment of error is overruled.
 II. {¶ 22} In his second assignment of error, French argues the trial court erred in awarding 18% interest.
 {¶ 23} R.C. 1343.03 provides for a specific interest rate unless a written contract provides a different rate of interest. The contract provided a specific interest rate of 1-1/2 *Page 6 
per month. We find the trial court did not err in awarding post-judgment interest at the contractual rate of 18%.
 {¶ 24} French's second assignment of error is overruled.
 {¶ 25} Turning to the cross-assignment of error, appellee argues the trial court should have ordered pre-judgment interest pursuant to R.C. 1343.03, which provides interest runs from the time the money becomes due and payable on the contract.
 {¶ 26} We find the trial court erred in not granting appellee pre-judgment interest at the contractual rate from the time the money first became due.
 {¶ 27} Appellee's cross-assignment of error is sustained.
 {¶ 28} For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for a determination of the pre-judgment interest.
 Gwin, J., Farmer, P.J., and Wise, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for a determination of the pre-judgment interest. Costs to appellant. *Page 1